STATE OF VERMONT

| SUPERIOR COURT<br>Washington Unit | | CIVIL DIVISION<br>Docket No. 165-4-20 Wncv |
|---|---|---|
| Michael J. Lewis,<br>Plaintiff | 2020 OCT -6 P 1: 13 | |
| v. | FILED | ENTRY ORDER |
| Law Offices of William W. Cobb,<br>Defendant | | |

This is an attorney malpractice action filed by Mr. Michael Lewis against his former counsel, Attorney William Cobb. Currently pending are Mr. Lewis's (1) motion for the return of costs of personal service, (2) motion to amend the complaint, and (3) two motions to extend the time for the parties to submit an agreed upon discovery and pre-trial order.

*Motion for the return of costs of personal service*

Mr. Lewis represents that he twice requested that Mr. Cobb waive service pursuant to Rule 4(l), Mr. Cobb never did, and he eventually paid out-of-pocket for personal service ($61.30). Mr. Lewis now seeks to recoup that $61.30 pursuant to Rule 4(l)(3), (6).[1] The Rule provides for reimbursement of costs when a defendant unjustifiably refuses to waive service.

Mr. Cobb objects to any compensation, arguing that Mr. Lewis never properly requested his waiver. In particular, Mr. Cobb asserts that no such request ever was accompanied by any notice of lawsuit and request for waiver of service substantially complying in substance with Form 1B of the civil rules. See V.R.C.P. 4(l)(3)(D) (expressly requiring use of Form 1B).

The record includes no clear evidence that Mr. Lewis ever sent a notice and request substantially complying with Form 1B to Mr. Cobb. The record includes several instances of Mr. Lewis asserting that he copied the court on all documents he sent to Mr. Cobb. The record includes copies of waiver forms, but no notices and requests similar to Form 1B. The record also includes several vague assertions of having sent notices of lawsuit without further elaboration as to whether any such notices complied with Rule 4(l)(3)(D) and Form 1B. Following Mr. Cobb's express denial of ever having received any notice and request for waiver similar to Form 1B, Mr. Lewis has not expressly contested the issue or some forward with any evidence to the contrary.

The right to reimbursement pursuant to Rule 4(l)(3), (6), following valid service of the request for waiver, is predicated on an unjustifiable refusal to waive. "[P]laintiff retains the ultimate burden on the question of the validity of service." V.R.C.P. 4, Reporter's Notes—1996

---

[1] Mr. Lewis is seeking an additional $50 for the value of his own time in seeking compensation. Where it applies, Rule 4(l)(6) makes a reasonable attorney fee compensable. However, Mr. Lewis is pro se and does not claim to have incurred any attorney fees related to service. Mr. Lewis's claim for $50 is not available under the rule.

Amendment. The record fails to show that Mr. Lewis properly complied with Rule 4(l) and thus fails to show that Mr. Cobb unjustifiably refused to waive service of the summons.

Mr. Lewis's motion for return of costs is denied.

*Motion to amend*

Mr. Lewis has filed a motion to amend the complaint that included the amended pleading. Mr. Cobb has not indicated any opposition to amendment. This motion is granted.

*Motions to extend*

Mr. Lewis seeks additional time for the parties to submit an agreed upon discovery and pre-trial order. While Mr. Lewis describes some difficulty in conferring with Mr. Cobb, it is not clear that the parties are at an impasse. The motions to extend are granted.

The court expects the parties to confer as needed and, to the extent they are able, submit a stipulated order within 15 days, else a prompt scheduling conference will be set.

So ordered.



Robert R. Bent,
Judge